UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| HOTEL BELLEZA MIAMI LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC, a Delaware limited liability company,<br><br>    Defendant. | Civil Action No.: _____<br><br>**Removed From:**<br><br>The Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.<br><br>Case No.:  2024-020436-CA-01 |

## DEFENDANT GOOGLE LLC'S NOTICE OF REMOVAL

Defendant Google LLC ("*Google*") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("*State Court*") to the United States District Court for the Southern District of Florida, on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a), and 1446. The grounds for removal are as follows:

### Introduction

1.     This case concerns critical 1-star reviews posted by third-parties to Plaintiff's Google Business Profile about Plaintiff's hotel, and Plaintiff's current effort via its recently filed Amended Complaint to have the Court issue a declaratory judgment and/or injunctive relief (and award monetary damages) using the Court's equity power to prospectively enjoin or order Google to keep or remove review summaries and aggregate scores of third-party reviews used in the automated Google Review Score and summary for Plaintiff's Business Profile. Specifically, Plaintiff wants unprecedented legal relief: an order that Google is not entitled to the protections and immunity of Section 230 of the Communications Decency Act (47 U.S.C. § 230, "*CDA*") and the First Amendment in maintaining Google Business Profiles, and the requested relief is

1

unwarranted and unconstitutional. Regardless, removal is proper here because the parties are diverse, and as Plaintiff now seeks amended declaratory and injunctive relief that values well over $75,000, this Court has jurisdiction over the dispute.

**Procedural Background**

2. Plaintiff Hotel Belleza Miami LLC ("*Plaintiff*") filed its original Complaint for Injunctive Relief (the "*Complaint*") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on October 28, 2024, and the action is currently pending as Case No. 2024-020436-CA-01 (the "*State Court Action*"). The Complaint alleged claims of declaratory judgment and promissory estoppel, naming Google as the only defendant and seeking a judicial declaration that certain third-party reviews on the Google Business Profile for Plaintiff are defamatory and that they be permanently removed, an order compelling Google to honor its alleged prior promise to Plaintiff and permanently remove the allegedly false and defamatory reviews, as well as monetary damages, attorneys' fees and costs.

3. On January 14, 2025, Google filed a Motion to Dismiss the Complaint on numerous grounds, including that Plaintiff's claims were barred by the broad statutory immunity provided Google under the CDA.

4. In response to Google's Motion to Dismiss, on March 7, 2025, Plaintiff filed a two-count Amended Complaint for Injunctive Relief ("*Amended Complaint*") in the State Court, which still concerns Google's alleged failure to remove certain allegedly false and defamatory third-party reviews posted on Plaintiff's Google Business Profile, but now challenges Google's inclusion of such reviews in the Plaintiff's Google review summary score. Although referring to the reviews in general, the Amended Complaint does not set forth the content of the reviews or the specific statements in each review that are allegedly factually false. Instead, Plaintiff's new allegations

focus on the five-star rating system, through which the third parties provide their rating of Plaintiff's hotel, and the summary displaying the aggregate of all third-party reviews published on Google's online platform. (Am. Compl. ¶¶ 8-14.)

5. On this new basis, the Amended Complaint asserts claims for Declaratory Judgment (Count I) and Promissory Estoppel (Count II), seeks declaratory and injunctive relief, and also seeks an unspecified amount of monetary "damages that exceed $50,000, exclusive of interest, attorneys' fees and costs." (Am. Comp. p. 1.)

6. As to the claims at issue, Count I now seeks a declaratory ruling as to whether Google "can utilize [the allegedly] false and defamatory '1-star' Google reviews" in displaying the "Hotel's Google Review Score" and in "its creation and development of the Hotel's Google review summary" that accompanies the reviews on the Google Business Profile. (*Id.* at ¶ 49.) As relief, Plaintiffs asks that Google be "permanently precluded" from utilizing hundreds of (unidentified in the Amended Complaint) "false and defamatory reviews" in calculating and displaying the Google Review Score and summary for Plaintiff. (*Id.* at ¶ 51.)

7. In Count II, Plaintiff claims Google promised to remove certain unidentified third-party reviews from Plaintiff's Business Profile, and either did not remove a review or some of the (again unidentified) reviews have re-appeared on Plaintiff's Google Business Profile. (Am. Compl. at ¶ 54-58.) As relief, Count II asks for a prior restraint, *i.e.*, that Google be ordered to remove, never again re-publish, and not include in calculating and displaying the Google Review Score and summary for Plaintiff, hundreds of 1-star reviews of Plaintiff's hotel without any specific allegation of a false statement of fact contained in any single review. (*Id.* at ¶¶ 54, 59.) The basis for this extraordinary relief affecting Google's speech rights is based on four emails, *id.* at ¶¶ 34, 39 & Exs. E – H, in which Google was responding to Plaintiff's requests to remove certain 1-star

reviews of Plaintiff's hotel. These emails, however, do not promise to proactively remove hundreds of reviews at Plaintiff's command or whenever a previously removed review might re-appear, or to permanently remove anything, as suggested in the Amended Complaint.

8. No substantive proceedings have taken place in the State Court Action after the filing of the Amended Complaint.[1]

## Basis for Removal – Diversity Jurisdiction

9. Defendants remove this action to the United States District Court for the Southern District of Florida, pursuant to § 1441, on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse as citizens of different states (Florida/New Jersey versus Delaware/California), and the amount in controversy now exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiff is a Florida limited liability company with its principal place of business at 2115 Washington Avenue, Miami Beach, Florida 33139. According to publicly available records from the Florida Secretary of State Plaintiff's owners and/or managers are:

(a) Tony Di Piazza and Frank Di Piazza, who both have their principal place of business or reside at 1500 E. Hillsboro Boulevard, Suite 108, Deerfield Beach, Florida 33441; and/or

---

[1] The docket for the State Court Action as of April 7, 2025 is attached as Exhibit C. Google cancelled the hearing on its Motion to Dismiss the original Complaint once Plaintiff filed its Amended Complaint. (State Court Dkt. 19.) The State Court granted the parties' agreed extension of time for Google to respond to the Amended Complaint, but set an April 10, 2025 hearing on the agreed motion to extend the discovery deadlines (which the parties agreed to extend because this case is still in the pleadings stage). (State Court Dkt. 20 – 23.) That hearing should not proceed because the State Court was divested of jurisdiction by the removal of this case.

(b) 2115 Washington Avenue MB LLC, with a principal place of business at 2115 Washington Avenue Miami Beach, Florida 33139, and Yedidiah Buchwald (who is also the member manager for the preceding LLC), who resides at 70 Van Valkenburgh Avenue, Bergenfield, New Jersey 07621.

(Fla. Sec. of State records for Hotel Belleza Miami LLC and 2215 Washington Avenue MB LLC, attached as Exhibit A.)[2]

12. Defendant Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC's sole member is XXVI Holdings, Inc., a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. (Cal. & Del. Sec. of State records for Google LLC and XXVI Holdings, Inc., attached as Exhibit B.)

13. The Amended Complaint does not set forth a specific amount in controversy or the total value of all the relief Plaintiff seeks. As such, the Court must use judicial experience and common sense in determining the amount in controversy, and may also permit the use of deduction, inference, or other extrapolations of the amount in controversy when it does not appear expressly on the face of the complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); *Kraz, LLC v. Branch Banking & Tr. Co.,* 8:15-CV-01042-EAK, 2015 WL 4623788, at *2 (M.D. Fla. July 31, 2015) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-54 (11th Cir 2010)).

14. The $75,000 amount in controversy is satisfied here, in part, based on Plaintiff's explicit allegation to seek monetary "damages that exceed $50,000, exclusive of interest, attorneys'

---

[2] Mr. Buchwald and 2115 Washington Avenue MB LLC were listed as managers of the Plaintiff limited liability company in Plaintiff's Articles of Organization until they were removed by the March 18, 2024 amendment. (Ex. A at pp. 4 & 8.) Hence, they may no longer be relevant, and Plaintiff's state of citizenship for diversity purposes would be only Florida.

fees and costs" for "significant damage, including, substantial loss of business" and "diminished bookings". The new claims for declaratory and injunctive relief clarified in the Amended Complaint puts the amount in controversy well over $75,000. (Am. Compl. ¶¶ 44, 45-51).

15. The Amended Complaint sets $50,000 as the floor of the amount in controversy. As damages, the Plaintiff seeks "loss of business" and "diminished bookings" from October 8, 2024 (the last date that Google attempted to remove the allegedly false and defamatory reviews) through the current date (and presumably continuing to accrue). (Am. Compl. ¶ 44.) *See Management Health Sys., Inc. v. Access Therapies, Inc.*, 2010 WL 5572832, *4-5 (S.D. Fla. Dec. 8, 2010) (including Plaintiff's alleged lost revenue when determining $75,000 jurisdictional requirement was met); *Bioresource Tech. Inc. v. High*, 2021 WL 9347053 (S.D. Fla. Nov. 22, 2021) (including lost revenue in the amount in controversy calculation). Moreover, Plaintiff appears to also be seeking damages for reputational injury, which should be included in any determination of the amount in controversy. *Dibble v. Avrich*, 2014 WL 6632629, *3-5 (S.D. Fla. Nov. 21, 2014) (finding a plaintiff's allegations of reputational damage sufficient to meet the amount in controversy requirement). As a premium hotel in the South Beach area "[n]estled within Miami's South Beach neighborhood", www.bellezahotel.com/about/, Plaintiff's alleged damages reasonably exceed $75,000 as Plaintiff seeks months if not years of alleged lost revenues as well as monetary damages for reputational injury.

16. Plaintiff's latest addition of a claim for relief prohibiting Google from using any allegedly "false and defamatory" reviews in calculating Plaintiff's Review Score pushes the amount in controversy here above $75,000, as Plaintiff demands that Google permanently remove more than five hundred Google reviews from Plaintiff's business profile and not consider any future "false and defamatory" reviews *in futuro*. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973

(11th Cir. 2002) (the value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted); *accord Hunt v. Wash. State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977).

17. Accordingly, the Court now has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court by Google pursuant to 28 U.S.C. § 1441.

### Timeliness of Removal And Deadline to Respond to Complaint

18. This Notice of Removal is timely because it is filed within thirty (30) days after Google was served with the Amended Complaint (*i.e.*, by April 7, 2025), and less than one year after commencement of the action (*i.e.*, before October 28, 2025). 28 U.S.C. §§ 1446(b)(3) & 1446(c)(1); *see also* Fed. R. Civ. P. 6(a).

19. Google has not filed a responsive pleading nor any substantive motion in the State Court Action in response to the Amended Complaint. The State Court entered an Agreed Order extending Google's deadline to respond to the Amended Complaint through and including April 7, 2025.

20. Google's initial deadline to respond to the Amended Complaint in this Court shall run for seven (7) days from the removal of this action, through and including April 14, 2025, unless otherwise extended by agreement of the parties or by the Court. Fed. R. Civ. P. 81(c)(2)(C).

### Venue and Miscellaneous Issues

21. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Florida is the proper venue for purposes of removing this action. The State Court Action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and that forum is embraced by this federal district.

22. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and will be promptly filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

23. In filing this Notice of Removal, Google does not waive any defenses, counterclaims, rights to transfer or compel arbitration, or any other rights that may be available to Google.

**Filings From State Court Action**

24. In accordance with 28 U.S.C. § 1446(a), Google submits a copy of all process, pleadings, and orders served on Google in the State Court Action, along with all other docket entries and filings, and a copy of the State Court Action docket, as exhibits to this Notice of Removal. An Index of the exhibits is attached hereto, and the Exhibit numbers used by Google correspond to the docket entry number in the State Court Action.[3]

WHEREFORE, Defendant Google LLC hereby gives notice that the above-reference action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida has been removed from there to this Court.

Respectfully submitted this 7th day of April, 2025.

                                          */s/ Ezequiel J. Romero*
                                          Damon J. Whitaker (Fla. Bar No. 923591)
                                          Ezequiel J. Romero (Fla. Bar No. 107216)
                                          **BRYAN CAVE LEIGHTON PAISNER LLP**
                                          200 South Biscayne Blvd., Suite 400
                                          Miami, Florida 33131
                                          Tel: (786) 322-7500
                                          Email: damon.whitaker@bclplaw.com
                                          Email: ezequiel.romero@bclplaw.com

                                          *Attorneys for Google LLC*

---

[3] For example, Exhibit 1 is the Civil Cover Sheet and Exhibit 2 is the Complaint, which correspond to State Court docket entries 1 and 2, respectively. Skipped Exhibit numbers indicate there is no docket entry or document available for that corresponding docket entry number.

## CERTIFICATE OF SERVICE

I certify that, on April 7, 2025, a true and correct copy of the foregoing **Defendant Google LLC's Notice of Removal** was e-filed with the Court using the ECF System and was served on Plaintiff through its counsel of record in the State Court Action via U.S. Mail and email addressed as follows:

>Michael I. Bernstein, Esq.
>Matthew Savino, Esq.
>THE BERNSTEIN LAW FIRM
>10800 Biscayne Boulevard, Suite 950
>Miami, Florida 33161
>michael@blfmiami.com; matthew@blfmiami.com; assistant@blfmiami.com

>*/s/ Ezequiel J. Romero*
>Ezequiel J. Romero, Esq.
>
>*One of the Attorneys for Google LLC*